IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arturo and Modesta Santiago | : | No: 1:10-CV-00431-SHR |
|         Plaintiffs | : | |
| | : | JURY TRAIL DEMANDED |
| V. | : | |
| | : | |
| York County, Baltimore County and | : | |
| John Does | : | |
|         Defendants | : | (Electronically Filed) |

**DEFENDANT YORK COUNTY AND ANY AND ALL YORK COUNTY JOHN DOES' MOTION TO DISMISS**

1. On April 4, 2009, Arturo Santiago ("Santiago") was arrested in York County for suspicion of driving under the influence ("DUI"). (Paragraph 11 of Complaint).

2. Criminal charges relating to the DUI arrest were brought against Santiago. A copy of the docket entries for said criminal charges is marked Exhibit "1," attached hereto and incorporated by reference herein.

3. Santiago alleges that instead of being released on bail after his DUI arrest, Santiago was detained by York County as the result of a pending extradition for warrants for his arrest in District of Columbia and State of Maryland (Paragraphs 12 and 13).

4. Santiago alleges that he "immediately" advised a York County John Doe that he was misidentified in the extradition warrants. (Paragraph 14).

5. As a result of the State of Maryland warrant, extradition proceedings were scheduled in York County. A copy of the docket entries for the extradition proceedings in York County and the Transcript for the Extradition Hearing are jointly marked Exhibit "2," attached hereto and incorporated by reference herein.

6. As set forth in Exhibit "2," Judge Kennedy of the York County Court of Common Pleas issued an Order granting extradition on April 20, 2009. Said Order was issued after Judge Kennedy advised Santiago of his right to file a Writ of Habeas Corpus.

7. Santiago executed a Waiver of Extradition on April 20, 2009. A copy of said Waiver is marked Exhibit "3," attached hereto and incorporated by reference herein.

8. On April 23, 2009, Judge Kennedy issued an Order modifying the April 20, 2009 Order allowing Maryland a period of fourteen (14) days to secure the custody of Santiago after the waiver of extradition. A copy of said Order is marked Exhibit "4," attached hereto and incorporated by reference herein.

9. On May 14, 2009, a guilty plea for the DUI charges was scheduled on May 20, 2009. See Page 5 of Exhibit "1."

10. On May 20, 2009, Santiago pled guilty to the DUI charges before Judge Snyder of the York County Court of Common Pleas. A copy of a transcript of the guilty plea proceedings is marked Exhibit "5," attached hereto and incorporated by reference herein.

11. As set forth in Exhibit "5," Santiago was represented during the guilty plea proceedings by Attorney Robert T. Balaban.

12. Santiago pled guilty and agreed to a sentence of time served to six (6) months incarceration. See Page 6 of Exhibit "5."

13. Santiago represented to Judge Snyder that no one forced him to decide to plead guilty and that his decision to plead guilty was of his own free will. See Page 7 of Exhibit "5."

14. During the course of the guilty plea proceedings, Attorney Balaban made the following statement to Judge Snyder:

> "If I may add, your Honor, he was picked upon April 4th of this year. He's been incarcerated there ever since. He has an

extradition warrant to Maryland, and we have already cleared that, so what we're waiting for today is once he's been sentenced and everything has been disposed of in York County, we will be able to go to Maryland and take care of the things there." See Page 2 of Exhibit "5."

15. Attorney Balaban initially requested that Santiago be sentenced to the mandatory minimum of 72 hours but eventually agreed to the sentence of time served. See Page 3 of Exhibit "5."

16. After his guilty plea, Santiago was extradited on May 22, 2009 to the Baltimore County Correctional Facility. (Paragraphs 20-22 of Complaint).

17. Santiago was released approximately twelve (12) hours after being extradited to the Baltimore County Correctional Facility. (Paragraph 24 of Complaint).

18. Santiago alleges that he spent approximately 47 days in jail (Paragraph 26).

19. Santiago's Complaint fails to state a cause of action in that the time he spent in prison was due to his guilty plea to the DUI charges for time served and his decision to pursue release from Maryland authorities after extradition. During the course of the guilty plea, Santiago admitted that the police had valid cause to pull him over and that he was intoxicated at the time of the arrest. See Exhibit "5."

20. The Complaint does not allege that Santiago filed a Habeas Corpus Petition in order to seek his release from prison.

21. Neither set of docket entries indicate that Santiago filed a Habeas Corpus Petition. See Exhibits "1" and "2."

22. In fact, Attorney Balaban and Santiago decided to remedy the mistaken identity issue by pleading guilty and agreeing to time served and waiving extradition. See Exhibit 5."

23. Santiago has not pled that his conviction or sentence was invalidated, reversed,

expunged or otherwise called into question. Neither set of docket entries indicate said challenges. See Exhibits "1" and "2."

24. Santiago's claims are barred by the Heck v. Humphrey doctrine.

25. Santiago waived his claims by pleading guilty to time served and by voluntarily pursing extradition. See Exhibit "5."

26. In the alternative, Count II of the Complaint contains only a formulaic reiteration of a Monell claim and fails to sufficiently allege a particular unconstitutional policy and demonstrate a causal link between the execution of the policy and the injury suffered.

27. Counts III and IV contain state law claims.

28. York County and York County John Does enjoy governmental immunity from said state law claims.

29. Santiago's guilty plea and agreement to time served acts as collateral estoppel against the wrongful imprisonment claims, improper prosecution claims and unlawful search and seizure claims of Santiago.

30. York County John Does enjoy qualified immunity from the claims of Santiago.

31. Santiago fails to state a cause of action against York County John Does.

**WHEREFORE**, York County and York County John Does request that Plaintiff's Complaint be dismissed with prejudice together with costs of suit.

Date: 3/23/2010

Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arturo and Modesta Santiago<br>      Plaintiffs | : | No: 1:10-CV-00431-SHR |
| | : | |
| | : | JURY TRAIL DEMANDED |
| V. | : | |
| | : | |
| York County, Baltimore County and<br>John Does | : | |
| | : | |
|       Defendants | : | (Electronically Filed) |

## CERTIFICATE OF NON-CONCURRENCE

I, Michael W. Flannelly, Esquire, am the Solicitor for York County. On March 18, 2010, I emailed Plaintiff's counsel seeking indication of concurrence or lack of concurrence to a Motion to Dismiss. Plaintiff's counsel responded by email on March 18, 2010 that he does not concur to the Motion to Dismiss.

COUNTY OF YORK

Date:  3/23/2010

_____
Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Arturo and Modesta Santiago<br>　　　　Plaintiffs | No: 1:10-CV-00431-SHR |
| | JURY TRAIL DEMANDED |
| V. | |
| York County, Baltimore County and<br>John Does | |
| 　　　　Defendants | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, **Michael W. Flannelly**, Solicitor for the County of York, Pennsylvania, hereby certify that I have served a copy of the ***Defendant York County and Any and All York County John Does' Motion to Dismiss*** to the following individuals this date:

Matthew Weisborg, Esquire (via electronic means)
Attorney for Arturo and Modesta Santiago

James J. Nolan, Jr., Esquire (via first-class mail)
Assistant County Attorney
Baltimore County
400 Washington Avenue
Towson, MD 21204

Date: 3/23/2010

_____
Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306