IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOCKET NO. 1:10-CV-00431-SHR

---

ARTURO AND MODESTA SANTIAGO

PLAINTIFFS

V.

YORK COUNTY, BALTIMORE COUNTY AND JOHN DOES

DEFENDANTS

---

DEFENDANT YORK COUNTY AND ANY AND ALL YORK COUNTY JOHN DOES' BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

# TABLE OF CONTENTS

**PAGE**

CITATIONS ................................................................................................ ii, iii

I.  PROCEDURAL BACKGROUND ........................................................... 1

II. MATERIAL FACTS ................................................................................ 1

III. ISSUES .................................................................................................... 2

IV. ARGUMENT ........................................................................................... 3

V. CONCLUSION ...................................................................................... 14

## CITATIONS

### FEDERAL CASES

**PAGE**

Askew v. Chicago, 440 F.3d 894 (7th Cir. 2006) .......... 13

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) .......... 10

Berg v. County of Allegheny, 219 F3d 261, 268 (3d Cir. 2000) .......... 4

Gramenos v. Jewel Companies, Inc., 797 F.2d 432 (7th Cir. 1986) .......... 13

Haring v. Prosise, 462 U.S. 306, 312-313, 103 S.Ct. 2368, 76 L.Ed.2d. 595 (1983) .......... 8

Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d 383 (1994) .......... 3,6,9,14

Hernandez v. Sheahan, 455 F.3d 772 (C.A. 7 2006) .......... 7,13,14

James v. Heritage Valley Fed. Credit Union, 197 F. App'x 102, 105 (3d Cir. 2006) .......... 12

Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L. Ed. 2d 114 (1985) .......... 10

Pearson v. Callahan, ___ U.S. ___, ___, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) .......... 12

United States v. Williams, 504 U.S. 36, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) .......... 13

Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S.Ct. 1242, 1248 (2005) .......... 7

### FEDERAL STATUTES

**PAGE**

28 U.S.C. §2254 .......... 6

## STATE CASES

**PAGE**

Simko v. County of Allegheny, ___ Pa. C. ___, 869 A$^{2d}$ 571 (2005) ..................................10

Whitley v. Allegheny County, 2010 W.L. 892207 (W.D. Pa.)................................................12

## STATE STATUTES

42 Pa.C.S. §8541..............................................................................................................10

42 Pa.C.S. §8542(a)..........................................................................................................10

42 Pa.C.S. §8542(b)......................................................................................................10,11

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Arturo and Modesta Santiago : | No: 1:10-CV-00431-SHR |
| Plaintiffs : | |
| : | JURY TRAIL DEMANDED |
| V. : | |
| : | |
| York County, Baltimore County and : | |
| John Does : | |
| Defendants : | (Electronically Filed) |

**DEFENDANT YORK COUNTY AND ANY AND ALL YORK COUNTY JOHN DOES'
BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.   PROCEDURAL HISTORY**

On February 25, 2010, Arturo Santiago ("Santiago") filed a Complaint in the above-captioned matter against York County, Baltimore County and John Does 1-10.

In March of 2010, Defendants York County and any and all York County John Does filed a Motion to Dismiss. This is their Brief in Support of said Motion.

**II.   RELEVANT FACTUAL BACKGROUND**

On April 4, 2009, Santiago was arrested in York County for suspicion of driving under the influence ("DUI"). (Paragraph 11). Criminal charges relating to the DUI were brought against Santiago. (See Exhibit "1").

Santiago alleges that instead of being released on bail after his DUI arrest, he was detained by York County as the result of pending extradition for warrants for his arrest in the District of Columbia and State of Maryland. (Paragraphs 12 and 13). Santiago claims that he immediately advised a representative for York County that he was misidentified in the extradition warrants. (Paragraph 14). As a result of the State of Maryland warrant, extradition proceedings were scheduled in York County. (See Exhibit "2").

Judge Kennedy of the York County Court of Common Pleas, after advising Santiago of his right to file a Writ of Habeas Corpus, issued an Order granting extradition regarding Santiago on April 20, 2009. (Exhibit "2"). Santiago executed a Waiver of Extradition on April 20, 2009. (Exhibit "3"). On April 20, 2009, Judge Kennedy issued an Order modifying the April 20, 2009 Order allowing Maryland fourteen (14) days to secure Santiago after waiver of extradition. (Exhibit "4").

On May 14, 2009, a guilty plea was scheduled for May 20, 2009 before Judge Snyder of the York County Court of Common Pleas. (Page 5 of Exhibit "1"). On May 20, 2009, Santiago appeared with counsel and pled guilty to the DUI and agreed to a sentence of time served to six (6) months incarceration. (Page 6 of Exhibit "5").

Attorney Robert Balaban, on behalf of Santiago during the guilty plea proceeding, made the following statement to Judge Snyder:

> "If I may add, Your Honor, he was picked up on April 4th of this year. He's been incarcerated there ever since. He has an extradition warrant to Maryland, and we have already cleared that, so what we're waiting for today is once he's been sentenced and everything has been disposed of in York County, we will be able to go to Maryland and take care of things there." (See Page 2 of Exhibit "5").

After his guilty plea, Santiago was extradited on May 22, 2009 to the Baltimore County Correctional Facility. (Paragraph 20 and 22 of Complaint). Santiago was released approximately twelve (12) hours after extradition to Baltimore County. (Paragraph 24 of Complaint).

### III. ISSUES

A. Whether Santiago's Complaint fails to state a cause of action in that Santiago's time spent in jail was part of a guilty plea sentence and Waiver of Extradition and not due to wrongful imprisonment?

*Suggested Answer:   Yes*

  B. Whether Santiago's Complaint should be dismissed under the <u>Heck v. Humphrey</u> doctrine in that Santiago has not pled (nor can he demonstrate) that he successfully challenged his incarceration or filed a Petition for Writ of Habeas Corpus.

    *Suggested Answer:* Yes

  C. Whether Santiago's decision to accept the sentence of time served to six (6) months as part of his guilty plea and to pursue extradition acts as a waiver of his claims?

    *Suggested Answer:* Yes

  D. Whether Count II of the Complaint states a <u>Monell</u> claim with requisite specificity?

    *Suggested Answer:* No

  E. Whether York County Defendants enjoy governmental immunity from the state law claims set forth in Counts III and IV of the Complaint?

    *Suggested Answer:* Yes

  F. Whether Santiago's guilty plea and agreement to a sentence of time served acts as a collateral estoppel to his wrongful imprisonment claims as well as his other claims?

    *Suggested Answer:* Yes

  G. Whether York County John Does enjoy qualified immunity from the claims of Santiago?

    *Suggested Answer:* Yes

  H. Whether Santiago's Complaint fails to state a cause of action against York County John Does?

    *Suggested Answer:* Yes

**IV. ARGUMENT**

A.  FAILURE TO STATE A CAUSE OF ACTION

The entirety of Santiago's claim against York County centers around the length of his imprisonment at York County Prison. Regardless of whether Santiago was the person referenced in the Maryland detainer, Santiago pled guilty to his DUI charge for time served. As a result, Santiago has no cause of action under Section 1983.

In order for Santiago to make a prima facie case against York County and York County John Does, he must demonstrate that a person acting under color of law deprived him of a federal right. Berg v. County of Allegheny, 219 F3$^d$ 261, 268 (3$^d$ Cir. 2000). In fact, as the exhibits to the Motion to Dismiss demonstrate, Santiago pled guilty to the DUI offense and knowingly and willingly agreed to the sentence of time served. Furthermore, Santiago agreed to a waiver of extradition so as to speed his way to Baltimore County for the purpose of clearing up the detainer issue.

Santiago claims in Count I that he was subject to malicious and selective prosecution. This is a remarkable claim given his statements during the May 20, 2009 guilty plea proceedings before Judge Snyder. (Exhibit "5"). During said proceeding, Santiago made the following statements:

> 1.  The Court: We understand from the discussion a little bit earlier that instead of the negotiated plea agreement being seventy-two hours to six months plus the other terms, given your circumstances, we would sentence you, if you plead guilty, to time served to six months incarceration. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Do you agree to that?
>
> The Defendant: Yeah. (Page 6 to Exhibit "5").
>
> 2.  The Court: Okay. Is anybody trying to force you or in any way, pressure you into pleading guilty?

>The Defendant: Nobody.
>
>The Court: Is your decision to do so one you've made of your own free will?
>
>The Defendant: Yes, sir. (Page 7 to Exhibit "5").
>
>3.   The Court: We turn now to the criminal information. There is only one count.
>
>In that count, you are accused of committing the misdemeanor of driving under the influence of alcohol or a controlled substance. The Commonwealth says that you drove a motor vehicle on a traffic way or public road or highway here in York County Pennsylvania after imbibing or drinking a sufficient amount of alcohol that you were incapable of safe driving and you refused to submit to chemical testing.
>
>Is that true?
>
>The Defendant: Yes sir. (Page 7 of Exhibit "5").
>
>4.   The Court: Do you believe that given the number of beers that you had been drinking that day that you were not capable of safely driving?
>
>The Defendant: Yeah
>
>The Court: Okay. How do you plead?
>
>The Defendant: I plead guilty.
>
>The Court: We'll accept the Defendant's guilty plea. (Page 9 of Exhibit "5").

In summary, Santiago has readily conceded that he was drunk at the time of his arrest on April 4, 2009. Santiago was fully aware that his sentence was for time served. As a result of his plea, Santiago's time in prison related solely to his DUI conviction.

Attorney Balaban also provided information to the Court of Common Pleas regarding the extradition issue. Attorney Balaban stated:

>Attorney Balaban: If I may add, Your Honor, he was picked upon April 4th of this year. He's been incarcerated there ever since. He has an extradition

warrant to Maryland, and we have already cleared that, so what we're waiting for today is once he's been sentenced and everything has been disposed of in York County, we will be able to go to Maryland and take care of things there. (Page 2 of Exhibit "5").

In other words, Santiago did not seek to contest the extradition issue in York County. Santiago's plan was to plead guilty and resolve the issue upon extradition. While it may be possible to question the ultimate wisdom of the plan, it was the plan that Santiago, after advice from counsel, decided to employ. In any case, Santiago has not stated a cause of action against York County or its employees.

B. HECK V. HUMPHREY DOCTRINE

Santiago has not pled that he successfully challenged his sentence while in York County. Given the fact that Santiago pled guilty and agreed to time served and to a waiver of extradition, Santiago could not have pled a successful challenge. As a result, Santiago's claims are barred by the Heck v. Humphrey Doctrine.

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. $2^d$ 383 (1994) held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal writ's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

The United States Supreme Court further held that a prisoner cannot use a Section 1983 claim to pursue damages where success on the Section 1983 claim would necessarily imply

the unlawfulness of a not previously invalidated conviction or sentence. Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S.Ct. 1242, 1248 (2005). In order for Santiago to prevail on his claim, he must necessarily call into question the validity of his sentence or incarceration.

As evidenced by the transcript of Santiago's extradition hearing before Judge Kennedy on April 20, 2009 (Exhibit "2"), Santiago was certainly notified of his right to file a writ of habeas corpus. Judge Kennedy called the case as "Commonwealth versus Arturo Santiago A/K/A Jose Hernandez." (Page 2 of Exhibit "2"). Instead of protesting the reference to a non-existent alias, Santiago simply responded "Yes, sir." (Id). Judge Kennedy later repeated the reference to the alias (Page 4).

On Page 3 of the transcript, Judge Kennedy first noted:

> The Court: All right. Again, before I permit you to waive extradition, I need to make certain that everybody understands the rights you are giving up by voluntarily returning to the state who is requesting your appearance.
>
> First of all, you all have a right to speak to an attorney to discuss the extradition process. If you could not afford an attorney, we will appoint one to represent you free of charge.

On Pages 5 and 6 of the transcript, Judge Kennedy additionally advised Santiago:

> Again, you all have the right to an attorney. If you wanted to test the legality of your arrest in Pennsylvania on these fugitive warrants, you apply for what is called a writ of habeas corpus and have a hearing.
>
> If you choose to do that, I would schedule that hearing for you within fifteen (15) days of the date that I received the written application for habeas corpus. At that hearing, the State of Pennsylvania would have to prove that you were charged with a crime in the state that has requested your return, that you're a fugitive from that state; and that you were present in that state when the crime was committed; and that the papers required by the uniform criminal extradition act are in order.
>
> If the State of Pennsylvania would prove that, I would order you to go back to that state whether you wanted it or you didn't. If Pennsylvania could not prove that, I would order you released on these fugitive warrants. If Pennsylvania was successful in proving that, you would be responsible for the costs associated

with the hearing.

Having been advised of your rights, is there anybody who does not wish to voluntarily return to the state that has requested their appearance? I see no response.

Judge Kennedy was exceedingly clear in notifying Santiago of his right to an attorney and his right to file a Petition for Writ of Habeas Corpus. Given Attorney Balaban's statement at the May 20, 2009 guilty plea hearing that it was Santiago's intention to resolve the Maryland issue by waiving extradition (Page 2 of Exhibit "5"), it is clear that Santiago and Attorney Balaban had made the strategic decision not to file a Writ of Habeas Corpus. This strategic decision, however, caused Santiago to waive his rights to pursue Section 1983 claim.

C. WAIVER

As set forth previously, Santiago pled guilty to a DUI charge and agreed to the sentence of time served. Santiago further agreed to waive his right to contest extradition proceedings. Santiago was represented by counsel at the time of the guilty plea and made his decisions in a knowing and voluntary manner. As a result, Santiago has now waived his constitutional claims.

Santiago detailed the reason for his arrest and the basis for his guilty plea in the guilty plea proceedings. (Exhibit "5"). Santiago admitted that he was drinking beer on the date of his arrest. (Page 7 of Exhibit "5"). He further admitted that he was driving in an irregular fashion. (Page 8 of Exhibit "5"). Finally, Santiago conceded that he was not capable of driving the car in a safe manner given the number of beers he consumed that day. (Page 9 of Exhibit "5").

The United States Supreme Court in Haring v. Prosise, 462 U.S. 306, 312-313, 103 S.Ct. 2368, 76 L.Ed.2d. 595 (1983) held that if an issue was addressed and necessarily

determined in the underlying criminal proceeding, relitigation may be barred. In this instance, Santiago conceded that he was engaging in behavior which gave the police cause to arrest him. Santiago further conceded that he had consumed sufficient alcohol to render him guilty of the DUI charge. He then pled guilty and agreed to a sentence of time served thereby avoiding a possible sentence of sixty (60) days.

In Count I, Santiago claims that he was the victim of malicious and selective prosecution, unlawful incarceration and unlawful search and seizure. The guilty plea proceedings, however, demonstrate the opposite. Santiago had the option of rolling the dice and possibly face additional prison time. Given his conduct on April 4, 2009, however, he wisely chose to plead guilty. His guilty plea effectively waived his right to now claim that he was improperly searched and seized. (A claim that would be brought against the arresting officers and not the County of York). The guilty plea clearly covers his claims of improper prosecution and unlawful incarceration. As a result, York County Defendants request that the Complaint be dismissed with prejudice.

D. MONELL CLAIM

Count II of the Complaint attempts to state a Monell claim against the various defendants. As set forth above, Santiago has not stated a cause of action or, in the alternative, his claims are barred by the Heck v. Humphrey Doctrine. Further in the alternative, Santiago has not properly stated a Monell claim. As a result, Count II should be dismissed.

The four (4) paragraphs set forth in Count II simply restate the most basic principles of a Monell claim. The Complaint fails to provide sufficient facts to permit a ruling that a decision maker with final authority to establish policy issued a policy that violated Santiago's constitutional rights.

The United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) held that a plaintiff's obligation goes beyond pleading labels and conclusions and "formulaic recitation of the elements of a cause of action." Paragraph 35's off hand reference to Santiago's ethnicity and Paragraph 36's reference to failure to "properly supervise and train in various aspects of law enforcement" do not come close to meeting the pleading requirements of Twombly. Id.

Santiago also names John Does in their official capacities in Count II. Defendants submit that such claims are duplicative of the claims against the County. See Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L. Ed. 2d 114 (1985). As a result, Defendants submit that the claims against the individual defendants in Count II be dismissed.

E. GOVERNMENTAL IMMUNITY

Counts III and IV of the Complaint attempt to set forth state law claims against all of the Defendants. The York County Defendants, however, enjoy governmental immunity from said claims. As a result, Counts III and IV should be dismissed with prejudice.

The Pennsylvania Commonwealth Court in Simko v. County of Allegheny, ___ Pa. C. ___, 869 A$^{2d}$ 571 (2005) set forth a plaintiff's obligation in order to state a claim against a Pennsylvania local governmental entity. The Court held:

> In order for liability to be imposed on a local agency, three conditions must be met. 42 Pa.C.S. §8542(a). First, the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under 42 Pa.C.S. §8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa.C.S. §8542(b). $^{FN4}$ Sweeney. A plaintiff has the burden of demonstrating that all three conditions have been met. Id.

Santiago cannot meet the third condition regarding exceptions set forth in 42

Pa.C.S. Sections 8542(b) which provides in its relevant parts as follows:

> Acts which may impose liability – The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> (1)  *Vehicle liability...*
> (2)  *Care, custody or control of personal property...*
> (3)  *Real property...*
> (4)  *Trees, traffic controls and street lighting...*
> (5)  *Utility service facilities...*
> (6)  *Streets...*
> (7)  *Sidewalks...*
> (8)  *Care, custody or control of animals...*

None of the exceptions identified in Section 8542(b) reference the causes of actions set forth in Counts II or III of the Complaint. As a result, said Counts should be dismissed with prejudice.

### F.  COLLATERAL ESTOPPEL

The basis for all of the Counts in Santiago's Complaint is the claim that he was improperly imprisoned due to a misidentification. Santiago's guilty plea and agreement to a sentence of time served, however, collaterally estops all of these claims. As a result, Santiago's Complaint should be dismissed.

As can be seen from the guilty plea proceedings (Exhibit "5"), Judge Snyder and Attorney Balaban had a discussion relating to the sentence. Attorney Balaban originally requested that Santiago be sentenced to 72 hours. (Page 3). Judge Snyder rejected the request and sentenced Santiago to time served to six (6) months. (Page 6). Judge Snyder offered Santiago the opportunity to withdraw his guilty plea if he did not like the sentence of time served to six (6) months. (Page 6). Both Attorney Balaban and Santiago quickly chose the alternative of pleading guilty. (Id.)

The Complaint conveniently fails to include this rather crucial piece of

information. Santiago's failure to include this information is for obvious reasons. Santiago cannot on the one hand agree to a sentence of time served for the DUI and, on the other hand, claim that he was improperly held in York County Prison due to misidentification.

The Third Circuit Court of Appeals in James v. Heritage Valley Fed. Credit Union, 197 F. App'x 102, 105 (3ᵈ Cir. 2006) defined collateral estoppel as follows:

> Under Pennsylvania law, the elements of collateral estoppel are (1) the issue was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in question in a prior action."

The doctrine of collateral estoppel has been applied to malicious prosecution and similar claims brought by Section 1983 Claimants who pled guilty to the criminal offense which gave rise to the civil rights claim. See Whitley v. Allegheny County, 2010 W.L. 892207 (W.D. Pa.). The doctrine clearly applies to Santiago. He had the opportunity to challenge the circumstances of his incarceration. Instead, he pled guilty to time served. He is now estopped from claiming his incarceration was illegal.

G.   QUALIFIED IMMUNITY

To the extent the complaint states a cause of action against York County John Does, the York County John Does enjoy qualified immunity. As a result, Santiago's Complaint as to York County Joe Does should be dismissed.

The doctrine of qualified immunity protects government officials from liability from civil damages if the official's conduct does not violate clearly established constitutional rights of which a reasonable prison would have known. Pearson v. Callahan, ___ U.S. ___, ___, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). The allegations against York County John Does do not meet this standard.

The basic claim against the York County John Does is that they failed to release Santiago after Santiago claimed that he was the victim of misidentification. (See Paragraphs 13-15 of Complaint). This allegation, however, does not defeat the defense of qualified immunity.

The holding in the case of Hernandez v. Sheahan, 455 F.3$^d$ 772 (C.A. 7 2006) is instructive on this issue. In Hernandez, the plaintiff was stopped for a traffic offense when the arresting officer ran a check on his name. As the result of the officer mistyping a digit on the plaintiff's driver license, the information that came back to the officer was that the plaintiff was wanted on an outstanding warrant. The plaintiff repeatedly insisted that he was not the correct man. Sheriff deputies ignored these pleas even though the plaintiff's wife produced passport and Social Security Card identification. Plaintiff spent over ten (10) days in jail before he finally could post bail and the error was discovered.

The Seventh Circuit held:

> Given the number of people who use aliases, and the ease with which many documents can be faked, a police department is not required to be credulous but may limit its attention to information it deems reliable especially because detention on the police department's resolution cannot exceed 48 hours. Police are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence. See e.g., Askew v. Chicago, 440 F.3d 894 (7th Cir. 2006); Gramenos v. Jewel Companies, Inc., 797 F.2d 432 (7th Cir. 1986). All the police need is probable cause, which is well short of certainty. Like a grand jury, see United States v. Williams, 504 U.S. 36, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), police may act on the basis of inculpatory evidence without trying to tote up and weigh all exculpatory evidence. Id.

It should be further noted that Santiago appeared before Judge Kennedy on April 20, 2009 for his extradition proceeding and before Judge Snyder for his guilty plea on May 20, 2009. Neither judge chose to release Santiago and why would they? Santiago made no argument before Judge Kennedy regarding misidentification even though Judge Kennedy twice referred to a non-existent alias and Attorney Balaban essentially waived the argument before

Judge Snyder by agreeing to the extradition to Baltimore County. Santiago had the opportunity to press the issue before the York County Court of Common Pleas in his scheduled appearances or by pursuing a Writ of Habeas Corpus. Sheriff's deputies do not have a clear constitutional duty to pursue Santiago's claims of misidentification. This is particularly true when Santiago did not pursue that claim himself.

### H. FAILURE TO STATE A CAUSE OF ACTION REGARDING JOHN DOES

York County John Does incorporate Section IV G of this Brief. As stated in the Hernandez case, Id., the York County John Does had no duty to Santiago with regard to his claim of misidentification. As a result, Santiago's claims should be dismissed.

### V. CONCLUSION

While it may be the case that Santiago was the victim of a misidentification, it is not the case that he was improperly arrested or improperly jailed. Santiago concedes he was drunk while he was driving on April 4, 2009. He evidenced that concession by pleading guilty on May 20, 2009. Finally, Santiago agreed to a sentence of time served and to await extradition to contest the misidentification issue. Under these circumstances, Santiago cannot claim he was jailed improperly.

Furthermore, Santiago refused or failed to file the appropriate legal challenges to his incarceration due to the alleged misidentification. Under the Heck v. Humphrey Doctrine, he cannot now seek damages in a Section 1983 claim.

Date: 3\23\2010

Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arturo and Modesta Santiago<br>　　　　Plaintiffs | : | No: 1:10-CV-00431-SHR |
| | : | JURY TRAIL DEMANDED |
| V. | : | |
| | : | |
| York County, Baltimore County and<br>John Does | : | |
| | : | |
| 　　　　Defendants | : | (Electronically Filed) |

**CERTIFICATE OF WORD COUNT, PURSUANT TO
MIDDLE DISTRICT LOCAL RULE 7.8**

Defendants York County Adult Probation and Parole Department, Donald R. Lauer, Jr. Individually *Defendant York County And Any And All York County John Does' Brief in Support of Motion to Dismiss* does not exceed a word count of 5,000 words. The word count is 4,273 words, according to the word count feature of the word-processing system used to prepare the Brief.

Respectfully submitted,

Date: 3/23/2010

_____
Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arturo and Modesta Santiago<br>    Plaintiffs | : | No: 1:10-CV-00431-SHR |
| | : | |
| | : | JURY TRAIL DEMANDED |
| V. | : | |
| | : | |
| York County, Baltimore County and<br>John Does | : | |
| | : | |
|     Defendants | : | (Electronically Filed) |

**DEFENDANT YORK COUNTY AND ANY AND ALL YORK COUNTY JOHN DOES' MOTION TO DISMISS**

**CERTIFICATE OF SERVICE**

I, **Michael W. Flannelly**, Solicitor for the County of York, Pennsylvania, hereby certify that I have served a copy of the *Defendant York County and Any and All York County John Does' Motion to Dismiss* to the following individuals this date:

Matthew Weisborg, Esquire (via electronic means)
Attorney for Arturo and Modesta Santiago

James J. Nolan, Jr., Esquire (via first-class mail)
Assistant County Attorney
Baltimore County
400 Washington Avenue
Towson, MD  21204

Date:   3/23/2010

Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA  17401-1599
(717) 771-9306