IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTURO and MODESTA SANTIAGO,** | : | **CIVIL NO. 1:10-CV-00431** |
| **Plaintiffs** | : | (Judge Sylvia H. Rambo) |
| **v.** | : | |
| **YORK COUNTY, and JOHN DOES 1-10,** | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

This is a civil rights case brought by Plaintiffs Arturo and Modesta Santiago against Defendants York County and John Does 1-10. In their amended complaint, Plaintiffs allege that Defendants violated Plaintiff Arturo Santiago's substantive and procedural due process rights when he was arrested for driving under the influence of alcohol and detained for 47 days based on a warrant lodged by the Baltimore County, Maryland. Defendants filed a motion to dismiss Plaintiffs' amended complaint, which the court converted to a motion for summary judgment. (*See* Docs. 14, 19.) That motion has been fully briefed and is ripe for disposition.

## I.    Background

### A.    Facts

On April 4, 2009, Plaintiff Arturo Santiago ("Santiago") was arrested and charged in York County with driving under the influence of alcohol ("DUI"). (*See* Doc. 4-2 at 2 of 37.) Instead of being released on bail after his preliminary

hearing, Santiago was detained on outstanding warrants from the District of Columbia and the State of Maryland.

Plaintiffs allege that Santiago immediately informed one of the John Doe Defendants that he had been misidentified and that no warrants were outstanding. The District of Columbia lifted its warrant, but Baltimore County, Maryland refused to do so and Santiago remained incarcerated. As a result of the Maryland warrant, extradition proceedings were scheduled in York County. (*Id.* at 14 of 37.)

On April 20, 2009, an extradition hearing was held before York County Court of Common Pleas Judge John S. Kennedy. (*See id.* at 17 of 37.) At this hearing, Judge Kennedy advised Santiago that he had the right to "test the legality of [his] arrest in Pennsylvania on these fugitive warrants, [by] apply[ing] for what is called a writ of habeas corpus and hav[ing] a hearing." (*Id.* at 21 of 37, lns. 8-12.) Despite being informed of his right to challenge his detention on the Maryland warrant, Santiago waived extradition. (*Id.* at 26 of 37.) On April 24, 2009, on motion from the Commonwealth of Pennsylvania, Judge Kennedy modified the original order, which adopted Santiago's waiver of extradition, and clarified that the State of Maryland would have "fourteen (14) days following completion of [his] York County sentence[]" to retrieve Santiago. (*Id.* at 27 of 37.)

In early May 2009, Santiago pled guilty to the DUI charge, and on May 14, 2009, a guilty plea was scheduled for May 20, 2009. (*See id.* at 5 of 37.) On May 20, 2009, Santiago appeared with counsel before Judge Gregory Snyder of the York County Court of Common Pleas. At this hearing, Santiago's attorney Robert Balaban, Esquire, informed the court of the duration of Santiago's confinement, and

the fact that he was being held on the Maryland warrant. Attorney Balaban requested that the court sentence Santiago to 72 hours to 6 months. (*See* Doc. 4-2 at 29 of 37.) The transcript reflects a back and forth conversation between Attorney Balaban, Judge Snyder, and the Assistant District Attorney, Duane Ramseur, concerning the proper sentence. (*See id*. at 29-31 of 37.) Ultimately, the following exchange occurred between Judge Snyder and Santiago:

> THE COURT: We understand from the discussion a little bit earlier that instead of the negotiated plea agreement being seventy-two hours to six months plus the other terms, given your circumstances, we would sentence you, if you plead guilty, to time served to six months incarceration. Do you understand this?
>
> [Arturo Santiago]: Yes, sir.
>
> THE COURT: Do you agree to that?
>
> [Arturo Santiago]: Yeah.
>
> THE COURT: Do you understand that you do not have to agree to that?
>
> [Arturo Santiago]: Yeah, I understand.
>
> THE COURT: Okay. Is anybody trying to force you or in any way, pressure you into pleading guilty?
>
> [Arturo Santiago]: Nobody.
>
> THE COURT: Is your decision to do so one you've made of your own free will?
>
> [Arturo Santiago]: Yes, sir.

(*Id.* at 33-34 of 37.)

After going through the colloquy of the facts of the criminal information, the following exchange occurred:

> THE COURT: Okay. How do you plead?

[Arturo Santiago]: I plead guilty.

THE COURT: We'll accept [Arturo Santiago's] guilty plea.

We sentence him as follows: On Count 1, [Arturo Santiago] is sentenced to time served to six months incarceration [in] York County Prison with the understanding that he has been in York County Prison since April 4, 2009, to today. . . .

(*Id.* at 36 of 37.) Two days after his guilty plea, Arturo Santiago was extradited to Baltimore County, Maryland.

### B.    Procedural History

Plaintiffs filed their complaint on February 25, 2010, (Doc. 1), and an Amended Complaint on April 19, 2010, (Doc. 13.) In their amended complaint, Plaintiffs assert that Defendants violated Plaintiff Arturo Santiago's rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments. Specifically, Plaintiffs allege that Arturo Santiago was falsely and unlawfully incarcerated and the victim of malicious and selective prosecution. Plaintiffs also allege two state law causes of action: false arrest/false imprisonment, and a loss of consortium claim for Plaintiff Modesta Santiago.

On April 20, 2010, Defendants filed a motion to dismiss Plaintiffs' Amended Complaint. (Doc. 14). This motion was fully briefed by the parties. The court reviewed the motion and determined that in order to consider the document attached by Defendants in support of their motion that it was necessary to convert Defendants' motion to one for summary judgment. By order dated May 7, 2010, the court converted Defendants' motion to one for summary judgment and permitted the

parties to supplement their filings with any additional evidence that they wished the court to consider. (Doc. 19.) No additional submissions were received by the court.

## II.     <u>Legal Standard</u>

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Upon such a showing, the burden then shifts to the non-moving party to present "specific facts showing the existence of a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*

*Corp.*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.        Discussion**

Defendants cite multiple grounds for dismissal of Plaintiffs' claims, however, because the court finds that Plaintiffs' § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the court need not address the applicability of Defendants' other bases for dismissal.

> In *Heck*, the Supreme Court held that:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis in original).

6

The essence of Plaintiffs' claims are that Arturo Santiago was unlawfully detained by York County based on a mistaken warrant issued in Baltimore County, Maryland. However, the undisputed facts in this case demonstrate that the entirety of Arturo Santiago's confinement from April 4, 2009, through May 20, 2009, is attributable to his conviction on DUI charges.

Defendants have submitted undisputed evidence by virtue of the transcript of Plaintiff Arturo Santiago's plea colloquy that he voluntarily pled guilty to a DUI charge knowing that his sentence for that charge would be a term of imprisonment of time-served to six months. (*See* Doc. 4-2 at 33-34 of 37.) Judge Snyder's sentence specifically incorporated all of Arturo Santiago's pre-sentence confinement. (*See* Doc. 4-2 at 36 of 37 )("We sentence him as follows: On Count 1, [Arturo Santiago] is sentenced to time served to six months incarceration [in] York County prison with the understanding that he has been in York County Prison since April 4, 2009, to today.").)

There is no question that if Plaintiffs were permitted to recover money for their § 1983 claims it would call into question the validity of Plaintiff Arturo Santiago's conviction and sentence. Plaintiffs' civil rights claims center around the length of his imprisonment in York County, the gist of which is that York County deprived him of due process because they held him on an erroneous warrant. It is immaterial that prior to his guilty plea and acceptance of a sentence of time-served to six months that the basis for Santiago's incarceration was the Maryland warrant rather than his DUI charge. By pleading guilty knowing that he would be sentenced to time-served to six months, the entire duration of Santiago's incarceration became attributable to his sentence for the DUI charge rather than his warrant, and, thus, any

7

challenge to the constitutionality of his confinement would necessarily imply the invalidity of that conviction. This is precisely the situation which *Heck* forbids. Accordingly, the court will grant Defendants' motion for summary judgment as to Plaintiffs' § 1983 claims, (Counts I and II).

As to Plaintiffs' state law claims, (Counts III and IV), the court will decline supplemental jurisdiction. The Court of Appeals for the Third Circuit has stated that when determining whether to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants." *Growth Horizons, Inc. v. Delaware County, PA.,* 983 F.2d 1277, 1284 (3d Cir.1993) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). A federal court should avoid needless decisions of state law both as a matter of comity and to promote justice between the parties. If the federal claims are dismissed prior to trial, even though not insubstantial in a jurisdictional sense, the non-federal claims should be likewise dismissed. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.1995) (citing *United Mine Workers*, 383 U.S. at 726-27).

Thus, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), the court will decline to exercise supplemental jurisdiction over Plaintiffs' state claims against Defendants because the court has dismissed all claims over which it had original jurisdiction.

**IV.     Conclusion**

In accordance with the foregoing, the court will grant Defendants'
motion for summary judgment as to Plaintiffs' § 1983 claims, (Counts I and II), and
will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims,
(Counts III and IV).  The court will issue an appropriate order.


                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated:  July 7, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTURO and MODESTA SANTIAGO,** | : | **CIVIL NO. 1:10-CV-00431** |
| | : | |
| **Plaintiffs** | : | (Judge Sylvia H. Rambo) |
| | : | |
| **v.** | : | |
| | : | |
| **YORK COUNTY, and JOHN DOES 1-10,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion for summary judgment, (Doc. 14), is **GRANTED** as to Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983, (Counts I and II). The Clerk of Court shall enter judgment for Defendants and against Plaintiffs on those counts.

**IT IS FURTHER ORDERED THAT** pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over Plaintiffs' state claims, (Counts III and IV). Those counts are dismissed without prejudice.

The Clerk of Court shall close the case.

s/Sylvia H. Rambo
United States District Judge

Dated: July 7, 2010.